UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2444

 BARBARA BUSHWAY DESOUZA,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Norman H. Stahl, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Boudin,
 Circuit Judges.
 

 

Barbara Bushway DeSouza on brief pro se.
 
Jeffrey R. Howard, United States Attorney, and Jean B. Weld,
 
Assistant United States Attorney, on Motion for Summary Disposition
for appellee.

 

 June 14, 1993
 

 Per Curiam. In March 1992, Barbara Desouza pled
 

guilty to attempt and conspiracy to distribute cocaine in

violation of 21 U.S.C. 846. At sentencing on August 11,

1992, she received a two-level reduction in base offense

level for acceptance of responsibility under U.S.S.G. 

3E1.1. She did not appeal her sentence. Effective November

1, 1992, section 3E1.1 was amended to permit an additional

one-level reduction in base offense level for defendants who

timely plead guilty so that the government does not have to

prepare for trial. After the amendment, Desouza moved under

28 U.S.C. 2255 to vacate, set aside or correct her

sentence, citing the change in the guideline. The district

court denied her motion, and she appealed. We now affirm.

 In United States v. Havener, 905 F.2d 3 (1st Cir.
 

1990), we considered whether an amendment of the career

offender guideline, U.S.S.G. 4B1.1, could be retroactively

applied. The amendment had added a sentence to section 4B1.1

which permitted career offenders a reduction of two levels

for acceptance of responsibility which had not been permitted

under the preexisting guideline. We found that the amendment

could not be applied retroactively because the new sentence

was "not clarification; it [was] change." Id. at 5. We
 

found our conclusion to be confirmed by the Sentencing

Commission's explanation of the amendment; its explanation

suggested that the amendment was not intended to clarify the

 -2-

guideline, but to "authorize" an acceptance of responsibility

deduction in determining the offense level under section

4B1.1. In addition, U.S.S.G. 1B1.10(d) lists the guideline

amendments intended to be retroactive, but did not include

the amendment of section 4B1.1. Accordingly, we concluded

that the amended section 4B1.1 could not be applied

retroactively. Id.
 

 The analysis in Havener controls here. The
 

amendment Desouza relies on is Amendment 459 to the

Sentencing Guidelines. See U.S.S.G. Manual (1992), Appendix
 

C, at 281-83. A review of that "amendment" shows that it

actually deleted the entire text of the preexisting guideline

and replaced it with the present section 3E1.1. The new

guideline retained the old two-level reduction for acceptance

of responsibility, albeit in modified form. In addition,

amended section 3E1.1 permitted an entirely new one-level

reduction in offense level for defendants who qualified for

the two-level reduction, had an offense level of 16 or

greater before the two-level reduction was taken, and had

assisted authorities in investigating or prosecuting their

own misconduct by taking certain steps such as timely

notifying authorities of an intent to enter a guilty plea.

 There is no doubt that Amendment 459 substantively

changed the preexisting guideline, and did not merely clarify

it, and the Sentencing Commission's explanation of the

 -3-

purpose of the amendment confirms that. The Sentencing

Commission stated that the amendment "provides an additional

reduction of one level for certain defendants whose

acceptance of responsibility includes assistance to the

government in the investigation or prosecution of their own

misconduct." Id. at 283. Although the Sentencing Commission
 

can designate a substantive change as retroactive, the

Sentencing Commission did not include this one in the list of

those qualifying for retroactive application. U.S.S.G. 

lBl.10(d) (listing amendments designated as retroactive).1

Accordingly, the district court had no authority to modify

Desouza's sentence even if it thought that Desouza would

under the new version qualify for the additional one-level

reduction. Havener, 905 F.2d at 6-7 (applying this rationale
 

to deny retroactive application of an amendment to the career

offender guideline); see also United States v. Caceda, --
 

F.2d --, 1993 WL 98298 (2d Cir. 1993) (applying this

rationale to deny retroactive application of Amendment 459).

 We conclude that amended section 3E1.1 may not be

applied retroactively to permit Desouza an additional one-

 

1. Where the Sentencing Commission designates a substantive
change as retroactive, the court "may" reduce a previously
imposed term in accordance with the change if the reduction
is consistent with general sentencing factors and applicable
policy statements of the Sentencing Commission. 18 U.S.C. 
3582(c)(2). Unless a request for a reduction falls within
this rubric, or one of the other exceptions specified in the
statute, the court "may not modify a term of imprisonment . .
. ." 18 U.S.C. 3582(c).

 -4-

level reduction for timely pleading guilty. The judgment of

the district court is affirmed.
 

 -5-